UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
COBALT INDUSTRIAL CO., LTD.

                                  Plaintiff,

        -against-

INNOVATIVE TECHNOLOGY
ELECTRONICS, CORP.,
COREY LIEBLEIN AND EVAN DASH

                                Defendants.
------------------------------------------------------------x

**JUDGE KEENAN**

**'07 CIV 7944**

Action No.:

Trial by jury is demanded



RECEIVED SEP 1 0 2007 U.S.D.C. S.D. N.Y. CASHIERS

      Plaintiff, COBALT INDUSTRIAL CO., LTD. ("Cobalt"), as and for its complaint against Defendants INNOVATIVE TECHNOLOGY ELECTRONICS, CORP., ("Innovative" or the "Defendant"), Corey Lieblein and Evan Dash (the "Individual Defendants") alleges as follows (Defendant and Individual Defendants are collectively known as the "Defendants" hereinafter).

JURISDICTION AND VENUE

1.      This court has original jurisdiction over the action herein under 28 USC Section 1332 (a)(2) as it is a civil action in which the matter in controversy exceeds the sum of $100,000, exclusive of interests and costs, and it is between the citizen or subject of a foreign state and the citizen of a state. There is also Federal Question jurisdiction, due to the Lanham Act claims set forth herein.

2. Venue is properly placed within this judicial district under 28 USC 1391(c) as the Defendants are a corporation and individuals with sufficient contacts with this district to subject it to personal jurisdiction in this district.

## THE PARTIES

3. Plaintiff, Cobalt, is a corporation organized under the laws of a foreign country and has its principal place of business located at Flat M, 7/F., Yue Cheung Centre, 1-3 Wong Chuk Yeung St., Fo Tan, Shatin, N.T., Hong Kong.

4. Defendant, Innovative, is a corporation organized under the laws of New York State.

5. The Individual Defendants are both residents of New York State.

6. On information and belief, Defendant is a small company in which Individual Defendant Corey Lieblein, as the *Principal Owner* and *CEO – Sales and Operations* of Defendant, is in charge of its operations, including marketing, sales, and advertising. On information and belief, therefore, Mr. Lieblein was the conscious moving force behind the Defendants' complained of actions herein.

7. On information and belief, Defendant is a small company in which Individual Defendant Evan Dash, as the *CEO – Merchandizing* of Defendant, is in charge of its merchandizing. On information and belief, therefore, Mr. Dash was the conscious moving force behind the Defendants' complained of actions herein.

8. On information and belief, the Individual Defendants were and are in charge of Defendant's day-to-day operations, including merchandizing, marketing, sales, and advertising, and are the conscious moving force behind the actions complained of herein.

9. Plaintiff Cobalt is a manufacturer of quality audio equipment, multimedia and telecommunication accessories. It has over the years built an international reputation for its products and sells many under its brand names COBALT, SONTE and WISEHEAD for which it has developed a reputation for high quality and reliability. Plaintiff has common law trademark rights through the use of these brand names for its products in commerce.

10. Among the many products it manufactures and sells are noise-reduction or noise-canceling headphones, which have become very popular in the consumer market.

11. Defendant is a trading company located in Port Washington, New York that sells consumer products in North America for which the Individual Defendants are principals who together run the company.

12. Defendants contracted with Plaintiff by sending Cobalt a Purchase Order # 05260601 dated 6-May-06 for 150,000 units of Cobalt's noise-canceling headphones, with packaging featuring Defendant's trademark and logo from artwork provided by the Defendant (the "Packaged Product"), for the sum of $1,027,500 in US dollars.

13. Thus, Defendants required Plaintiff to manufacture the headphones with their

trademark affixed, promising to pay for such.

14. A copy of the aforesaid Defendants' May 26, 2006 Purchase Order # 05260601 and Plaintiff's corresponding February 6, 2006 Sales Order are annexed hereto as **Exhibit 1**. The aforesaid Sales Order was sent to Defendant, attention: Evan Dash.

15. Per the direction of Defendants, Cobalt produced 150,000 noise-canceling headphones and packaging with Defendant's trademark and logo on both the headphones and the packaging, using artwork supplied by Defendants.

16. Cobalt produced and sent a total of 104,952 units of noise-canceling headphones to Defendants in six shipments made on or about July 27, 2006, August 11, 2006, August 23, 2006, September 6, 2006 and October 20, 2006.

17. The aforesaid six shipments were accepted by Defendants and none were returned.

18. Defendants paid for only 92,940 of these 104,952 units leaving 12,012 units unpaid for although already delivered.

19. The total outstanding unpaid balance remaining to complete payment on the purchase order is $390,861 in US dollars. This figure includes payment due for both the 12,012 units that have already been delivered to Defendants, plus the 45,048 units remaining, none of which were paid for.

20. The 45,048 units and their packaging that continue to remain in Cobalt's inventory or are sold to customers have been identified to the contract represented by Defendants' purchase order, have Defendant's trademark and logo on the units and

the packaging, and therefore cannot be sold to others without great difficulty and likelihood of confusion. However, Plaintiff needs to try to sell such inventory to recover its cost.

21. Cobalt has repeatedly demanded that Defendants pay Cobalt the balance of the money Defendants owe on the units already shipped and the balance remaining to be paid on the purchase order. Cobalt has also made clear Cobalt's readiness to complete the shipments specified in that order upon receipt of aforesaid proper payment. Defendants have refused to make the payment demanded.

FIRST CAUSE OF ACTION

NEW YORK STATE'S UCC §§ 2-709 AND 2-710

ACTION FOR A PRICE AND INCIDENTAL DAMAGES

22. Plaintiff, herein, incorporates by reference all other paragraphs of this complaint.

23. As set forth above, Defendants entered into a contract to purchase goods in the form of 150,000 units of Cobalt's noise-canceling headphones, to be shipped in Defendants packaging using artwork provided by Defendants for the sum of $1,027,500 in US dollars.

24. Plaintiff Cobalt has already delivered 104,952 units to Defendants and

produced, designated and set aside another 45,048 units to complete the order, which is maintained and available.

25. Plaintiff is unable to sell this inventory to others without great difficulty and likelihood of confusion.

26. Although demand has been made, Defendants have refused to and failed to pay for the unpaid 12,012 units already delivered to Defendants or for the remaining unpaid 45,048 units they had contracted to purchase.

27. Defendants owe Plaintiff Cobalt $390,861 in US dollars plus Cobalt's incidental damages caused by Defendants' failure to fulfill its obligations under the aforesaid contract to purchase these goods from Cobalt.

## SECOND CAUSE OF ACTION

## BREACH OF CONTRACT

28. Plaintiff, herein, incorporates by reference all other paragraphs of this complaint.

29. As set forth above, Plaintiff Cobalt and Defendants entered into and became the parties to a contract for the production and sale of goods to Defendants.

30. Defendants breached their obligations to Plaintiff under the aforesaid contract.

31. Defendants are liable to Plaintiff Cobalt in monetary damages, both direct and incidental, caused by Defendants' breach.

## THIRD CAUSE OF ACTION

## INDUCING THE BREACH

32.   Plaintiff, herein, incorporates by reference all other paragraphs of this complaint.

33.   On information and belief, the Individual Defendants knew of the contract between Cobalt and Defendant and intentionally induced Defendant to breach by various means, including convincing Defendant to breach and by not authorizing Defendant to pay the balance due for the remaining 57,060 unpaid units under the contract.

34.   Defendants are liable to Plaintiff Cobalt in monetary damages, both direct and incidental, caused by Defendant's breach.

## FOURTH CAUSE OF ACTION

## AIDING AND ABETTING THE BREACH

35.   Plaintiff, herein, incorporates by reference all other paragraphs of this complaint.

36.   On information and belief, the Individual Defendants Corey Lieblein and Evan Dash knew of the existence of the contract between Cobalt and Defendant and intentionally aided and abetted Defendant to breach by various means, including

-7-

convincing Defendant to breach and by not authorizing Defendant to pay the balance due for the remaining 57,060 unpaid units under the contract.

37. Defendants are liable to Plaintiff Cobalt in monetary damages, both direct and incidental, caused by Defendant's breach.

FIFTH CAUSE OF ACTION

LANHAM ACT § 43(a)

LIKELIHOOD OF CONFUSION – REVERSE PASSING OFF

38. Plaintiff, herein, incorporates by reference all other paragraphs of this complaint.

39. By their actions, including contracting for Plaintiff to put Defendants' trademark and logo on Plaintiff's goods and then not paying for the remaining unpaid units of Packaged Product not delivered to Defendant, Defendants' have violated § 43(a) of the Lanham Act, which makes actionable not only the misleading use of marks, but also the false designation of origin of goods.

40. Defendants knew that for Plaintiff to recover its costs as a result of Defendants' breach, Plaintiff must sell the remaining 45,048 units of Product not delivered to Defendant. However, as Defendants are aware, in so doing, Plaintiff's customers will be confused into believing Plaintiff's products are Defendants'. Defendants knew Plaintiff's customers will be confused and think Plaintiff is Defendant (i.e., confused because the Defendant's trademark and logo is permanently

affixed to the headphones and the packaging of the Packaged Product is based on Defendant-supplied source-indicating artwork).

41. Defendants are liable to Plaintiff Cobalt in monetary damages, both direct and incidental, caused by Defendant's reverse passing off and false designation of origin.

## SIXTH CAUSE OF ACTION

## LANHAM ACT § 43(a)

## LIKELIHOOD OF CONFUSION – PASSING OFF

42. Plaintiff, herein, incorporates by reference all other paragraphs of this complaint.

43. On information and belief that Defendants received and are selling or have sold 12,012 units of unpaid-for Packaged Product manufactured by and received from Plaintiff, by their actions, Defendants' have violated § 43(a) of the Lanham Act, which makes actionable not only the misleading use of marks, but also the false designation of origin of goods.

44. By its actions, Defendant is selling the unpaid-for 12,092 units of Packaged Product delivered to Defendant and, in so doing, deceiving its customers into thinking Defendant is the source when in fact, the source of the unpaid-for 12,092 units of Packaged Product is Plaintiff. I.e., customers are deceived because the Defendant's are selling the unpaid product Plaintiff made, without authorization from Plaintiff and without indicating Plaintiff as the source, and because the Defendant's trademark and

logo is permanently affixed to the headphones and the packaging of the Packaged Product, based on Plaintiffs reliance on Defendants' broken promise to pay.

45. Defendants are liable to Plaintiff Cobalt in monetary damages, both direct and incidental, caused by Defendant's passing off and false designation of origin.

PRAYER FOR RELIEF

That the Court award Plaintiff compensatory monetary damages against Defendants in the sum of at least $1,000,000 in US dollars for the damages directly caused by Defendants' breaches of contract, violations of the UCC, and violations of the Lanham Act, plus such sum for incidental damages Defendants caused as may be determined by the trier of fact, with interest, punitive damages, and that the Court enjoin the Defendants from further acts of false designation of origin and violation of the Lanham Act, and order such further and other relief as it deems just and proper.

JURY DEMAND

Plaintiff demands a trial by jury on all triable issues.

Dated: September 10, 2007

                                            FELDMAN LAW GROUP, P.C.
                                            Attorneys for the Plaintiff

                                            By: _____
                                                  Kenneth Feldman (KF 6003)
                                                  12 East 41st Street
                                                  New York, New York 10017
                                                  (212)532-8585

# Exhibit 1

# INNOVATIVE TECHNOLOGY
4 ANCHOR WAY
PORT WASHINGTON, NY 11050
TEL: 516-883-8220
FAX: 516-883-8838

## PURCHASE ORDER

| | |
|---|---|
| Purchase Order # : | 05260601 |
| Date : | 26-May-06 |
| Delivery Date: | |
| PO Cancelation Date: | |
| Page : | 1 OF 1 |

**To :** Cobalt Industrial Company Ltd.
Flat M., 7/F., Yue Cheung Centre, 1-3 Wong Chuk Yeung Street
Fo Tan, Shatin, N.T. Hong Kong.
Tel : 2693 0360 ( 10 lines )   Fax : (852) 2601 5865

**Shipped by :**

**Destination :**

| MODEL NO. | Description | Quantity (PCS) | Unit Price | Amount US$ |
|---|---|---|---|---|
| NC-710 | Noise Canceling Headphone | 150,000 | $6.85 | $1,027,500.00 |

**Total of Order:** $1,027,500.00

**Purchase Order Terms:**
Master Pack = 每 20 件.
Shipped in IT Packaging (Artwork Provided)
Additional Details to be provided regarding color, etc..件.
Includes dual pin adapter and pouch
Payment by L/C at sight

[Cobalt Industrial Co. Ltd. seal]

# SALES ORDER

| Attn.: | INNOVATIVE TECHNOLOGY | | No.: | RL-06111 |
|---|---|---|---|---|
| | 3 ANCHOR WAY | | Order Date: | 2006/06/02 |
| | PORT WASHINGTON NY 11050 | | | |
| | MS EVAN DASH | | Page No.: | 1 |
| Tel: 1 516 8838220 | Fax: 1 516 8838838 | | | |

| Your P.O. No. | Ship Via | Shipment Terms | Pay Terms | Salesman | Currency |
|---|---|---|---|---|---|
| 260601 | | FOB | L/C at sight | RYAN | USD |

| Item No. | Description | Cust. Item No. | Unit | Quantity | Price | Amount |
|---|---|---|---|---|---|---|
| OIN08-71000-01 | NC-710 Silver (ITHP-572) | | pcs | 150,000 | 6.8500 | 1,027,500.00 |
| | Sche Date: | 2006/7/10 | Quantity: | 150,000 | | |
| | | | Gross Amount: | | | 1,027,500.00 |
| | | | Net Balance Amount: | | | 1,027,500.00 |

Remarks:

**For and on behalf of**
**Cobalt Ind. Co. Ltd**

**Confirmed by:**