UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____X
COBALT INDUSTRIAL CO., LTD.

                Plaintiff,                              07 CIV 7944 (JFK)

                                                            (ECF CASE)

        -against-                                       **ANSWER**

INNOVATIVE TECHNOLOGY
ELECTRONICS, CORP.,
COREY LIEBLEIN AND EVAN DASH
                Defendants.
_____X

## I. Admissions And Denials

Defendants Innovative Technology Electronics, Corp., and Corey Lieblein and Evan Dash individually, by Counsel, as and for its answer to the complaint of the plaintiff, respond as follows:

1. Admit.

2. Admit.

3. Deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 3.

4. Admit.

5. Admit.

6. Admit that Cory Lieblein was and is the CEO of Innovative Technology Electronics, Corp. Mr. Lieblein's duties do not include advertising related functions. Defendants deny any further allegations contained in paragraph 6.

7. Admit that Evan Dash was and is the CEO of merchandising for Innovative Technology Electronics, Corp. Defendants deny any further allegations contained in paragraph 7.

8. Admit to the extent that corporate operations and interaction between Plaintiff and the Defendant was conducted by the individual Defendants acting within their corporate capacity only on behalf of Innovative Technology Electronics, Corp. No operations or interaction between Plaintiff and the individual Defendants occurred which was beyond the scope of actions performed in the course of their corporate capacity.

9. Deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 9.

10. Deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 10.

11. Admit, except deny the reference to Defendant being a trading company.

12. Defendant admits having so contracted with Plaintiff, however the individual Defendants deny such allegations.

13. Deny, except admit the contract required that Plaintiff provide Defendant with the headphones and that Defendant make payment therefor.

14. Deny the allegations relative to the Purchase Order except that said purchase order annexed to the complaint was originally created by Defendant, not the Defendants, and without the handwritten markings and stamp thereon.  Defendants deny having sufficient knowledge and information to form a belief as to the allegations relative to the annexed Sales Order and note that the address thereon is not that of any of the Defendants.

15. Deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 15, and deny implicit references to any conduct by the individual Defendants.

16. Admit, except deny references to any conduct by the individual Defendants.

17. Admit, except deny references to any conduct by the individual Defendants.

18. Deny.

19. Deny.

20. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 20.

21. Deny.

22. Defendants incorporate by reference their responses to earlier stated allegations that are incorporated by reference in the complaint paragraph 22.

23. The individual Defendants deny. The Defendant admits.

24. The individual Defendants deny. The Defendant admits to delivery but denies the remaining allegations.

25. Deny.

26. Deny.

27. Deny.

28. Defendants incorporate by reference their responses to earlier stated allegations that are incorporated by reference in the complaint paragraph 28.

29. Individual Defendants deny. Defendant admits to the extent the allegation refers to it.

30. Deny.

31. Deny.

32. Defendants incorporate by reference their responses to earlier stated allegations that are incorporated by reference in the complaint paragraph 32.

33. Deny.

34. Deny.

35. Defendants incorporate by reference their responses to earlier stated allegations that are incorporated by reference in the complaint paragraph 35.

36. Deny.

37. Deny.

38. Defendants incorporate by reference their responses to earlier stated allegations that are incorporated by reference in the complaint paragraph 38.

39. Deny.

40. Deny.

41. Deny.

42. Defendants incorporate by reference their responses to earlier stated allegations that are incorporated by reference in the complaint paragraph 42.

43. Deny.

44. Deny.

45. Deny.

## II. Defenses

1. Any interaction between Plaintiff and Defendant Innovative (referred to herein above as "Defendant") was a byproduct of their acting within their corporate capacity only, on

behalf of Innovative Technology Electronics, Corp. No interaction between Plaintiff and the individual Defendants occurred which was beyond the scope of actions performed in the course of their corporate capacity.

2. Plaintiff never contracted with the individual Defendants.

3. The individual Defendants never agreed, by conduct, omission or otherwise, to perform any obligations in their individual capacities.

4. Plaintiff has failed to mitigate any damage.

5. Plaintiff failed to deliver the remaining subject goods, despite demand therefor.

 **Wherefore** defendants ask this Honorable Court to dismiss the complaint and enter judgment in favor of defendants.

Dated: November 1, 2007

        Baker, Sanders, Barshay, Grossman, Fass,
        Muhlstock & Neuwirth, LLC
        Attorneys for Defendants

        By: _____/s/_____
        Todd D. Muhlstock (TM 2870)
        150 Herricks Road
        Mineola, New York 11501
        516-203-7600

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____X

COBALT INDUSTRIAL CO., LTD.                    07 CIV 7944 (JFK)


                    Plaintiff,                 (ECF CASE)


        -against-                              **AFFIRMATION OF SERVICE**


INNOVATIVE TECHNOLOGY
ELECTRONICS, CORP.,
COREY LIEBLEIN AND EVAN DASH
                    Defendants.
_____X


   I, Todd D. Muhlstock, declare under the penalties of perjury that I have served a copy of the attached answer upon plaintiff's counsel, The Feldman Law Group, whose address is 12 East 41st Street, New York, New York 10017 by filing electronically via ECF on November 1, 2007, and that Notice of Electronic filing shall constitute service pursuant to ECF Procedures, 9.

Dated: November 1, 2007


                                Baker, Sanders, Barshay, Grossman, Fass,
                                Muhlstock & Neuwirth, LLC
                                Attorneys for Defendants

                                By: __/s/_____
                                Todd D. Muhlstock (TM 2870)
                                150 Herricks Road
                                Mineola, New York 11501
                                516-203-7600