USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3-31-08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
——————————————————————X
COBALT INDUTRIAL CO., LTD.                          07-CIV-7944

        Plaintiff,

    -against-                                      **CONSENT JUDGMENT**

INNOVATIVE TECHNOLOGY
ELECTRONICS, CORP.,
COREY LIEBLEIN AND EVAN DASH

        Defendants.
——————————————————————X

**IT IS ORDERED AND STIPULATED:**

1. Defendants, including Innovative Technology Electronics, Corp. (IT), its owners, employees, successors and assignees, Corey Lieblein and Evan Dash, will pay the sum of Two Hundred Twenty-Two Thousand One Hundred Fifty U.S. Dollars (USD $222,150) to Plaintiff (hereinafter, the "Settlement Sum") by wire transfer to a bank account specified by the "Feldman Law Group, P.C." prior to entry of this Order.



2. The Settlement Sum shall be held by the "Feldman Law Group, P.C." and will be payable to Plaintiff immediately upon receipt.

3. Upon entry of this Order, Defendants hereby accept the 27,000 units at the Port in "as-is" condition.

4. Plaintiff's only obligations are to:

   a. notice Defendants (through attorneys) when and where the units are ready for inspection on or before the last day in April 2008 ("Inspection Date") by the SGS Group or another independent inspection agent of Plaintiff's choice should SGS Group be unavailable at the time of inspection ("Inspection Entity");

   b. allow for a random, pre-container AQL Level 2 (II) inspection on the Inspection Date (using Quality Standards 3% Major 6% Minor) for which Defendants shall pay all inspection costs;

   c. deliver 27,000 units of noise canceling headphones of the type originally ordered by Defendants in this suit (see the attached original purchase order for a description of the goods) in containers at the Port of Yantain, Shenzhen,



China ("the Port") on or before May 7, 2008 for receipt by Defendants ("Delivery Date"); and

d. notify the Defendants of the shipment advice within a reasonable time after delivery to the Port and forward the shipment documents to the Defendants.

5. Defendants shall arrange for the inspection to occur within three (3) business-days of receipt of notice by Plaintiff that the units are ready for inspection, or the inspection is waived by Defendants and the units are to be delivered pursuant to Section 4(c) herein.

6. All delivery, inspection and coordination details necessary to consummate the terms of this agreement shall be communicated by the Defendants through counsel, including without limitation:

   a. the complete legal entity name, address and contact information in China for:

      i. the Inspection Entity;

      ii. the Defendants' freight forwarder ("Freight Forwarder"); and

   b. shipping documentation information.

7. The shipping destination specified by Defendants is the Port of Los Angeles, in California USA ("Destination Port").

8. Defendants shall not reject the delivery. In the event the Defendants fail to take delivery of the 27,000 units at the Port in a timely manner, or at all, Defendants are liable and responsible for all costs and consequential damages arising from such failure. Such costs and consequential damages shall be recoupable by Plaintiff in an action to enforce this Order.

9. Defendants acknowledge that the goods have been stored by Plaintiff for over a year, agree to accept the goods in "as-is" condition and that Defendants' sole recourse for the breach of this agreement is to petition this Court for relief.

10. All notices shall be between counsels and sent by confirmed email or Federal Express.

11. Sixty (60) days following the parties' full compliance with this Order, all claims and counterclaims pleaded or which could have been pleaded in this suit are dismissed with prejudice and without any additional fees or costs for all parties.

12. This Court shall retain jurisdiction over the parties, to enforce this Order.



| | |
|---|---|
| **COBALT INDUSTRIAL CO., LTD.**<br><br>By: _____<br>Name: K.C. CHEUNG<br>Title: GENERAL MANAGER<br>Date: MARCH 25, 2008 | **INNOVATIVE TECHNOLOGY ELECTRONICS, CORP.**<br><br>By: _____<br>Name: Corey Lieblein<br>Title: CEO<br>Date: 3/12/08 |
| | **COREY LIEBLEIN**<br><br>By: _____<br>Name: Corey Lieblein<br>Date: 3/12/08 |
| | **EVAN DASH**<br><br>By: _____<br>Name: Evan Dash<br>Date: 3/12/08 |
| **FELDMAN LAW GROUP, P.C.**<br>Attorneys for the Plaintiff<br><br>By: _____<br>Steven M. Crosby (SC1204)<br>12 East 41st Street<br>New York, NY 10017<br>212-532-8585 | **BAKER, SANDERS, BARSHAY, GROSSMAN, FASS, MUHLSTOCK & NEUWIRTH, LLC**<br>Attorneys for the Defendants<br><br>By: _____<br>Todd D. Muhlstock (TM 2870)<br>150 Herricks Road<br>Mineola, New York 11501<br>516-741-4799 |

Sc

So Ordered.

Date: March 31, 2008            John F. Keenan
                                U.S.D.J